IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE JUAREZ, | | |
| | Plaintiff, | No. 2:10-cv-2993 KJM DAD (PC) |
| vs. | | |
| P. OSTERLIE, et al., | | |
| | Defendants. | FINDINGS & RECOMMENDATIONS |
| _____/ | | |

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on claims raised against eight defendants named in plaintiff's original complaint, filed November 8, 2010.  The matter is now before the court on the motion to dismiss filed May 12, 2011, on behalf of defendant P. Osterlie and the motion to dismiss filed May 18, 2011, on behalf of defendants M. Cherry, R. Fletes, B. Heise, M. Martel, J. Scott, D. Thompson, and K. Yarborough.  Defendants seek dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted and on the ground that they are entitled to qualified immunity.

STANDARDS FOR A MOTION TO DISMISS

        Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson, 551 U.S. at 93 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff's complaint contains the following allegations. Plaintiff worked in the meat plant at Mule Creek State Prison (Mule Creek). Defendant Osterlie was the plant supervisor. One day while plaintiff was at work defendant Osterlie held a sausage near his genital area and flashed it in a sexual manner at plaintiff, saying "what do you think of this" as he did so. (Compl. (Doc. No. 1) at 4.)[1] Plaintiff spoke to defendant Osterlie about his behavior but Osterlie "took it lightly." (Id.) Plaintiff then complained to a fellow worker about the incident, who told defendant Osterlie that plaintiff was going to initiate a complaint against him. (Id.)

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by petitioner.

1  Defendant Osterlie responded by saying that if anyone initiated a complaint he would take all of
2  the inmate workers' privileges away.  (Id.)

3       In January 2010, plaintiff spoke to defendant Yarborough about his complaints
4  regarding defendant Osterlie's behavior and asked to be transferred to another position.  (Id.)
5  Defendant Yarborough told plaintiff there were no other positions available and to just go back to
6  work.  (Id. at 5.)  When plaintiff returned to work, he had to avoid defendant Osterlie's
7  harassment.  (Id.)  Defendant Osterlie continued to seek plaintiff out for retaliation and
8  eventually issued a false disciplinary report against plaintiff.  (Id.)

9       Plaintiff also spoke to defendant Scott about his complaints.  (Id.)  Defendant
10 Scott did nothing about plaintiff's complaints of retaliation by defendant Osterlie, and although
11 he did purport to attempt to address plaintiff's sexual harassment claim against Osterlie, nothing
12 came of those of efforts.  (Id.)

13      At the second level of administrative review, defendant King signed the
14 administrative decision on behalf of defendant Thompson, finding that plaintiff's claims did not
15 meet the criteria for a staff complaint.  (Id.)  Defendant Martel then signed off on this
16 administrative decision at the second level of review for the Warden, who regularly refused to
17 process or hear inmate complaints based on a bulletin which he issued halting "all actions against
18 staff."  (Id.)  Defendants Thompson, Heise, Fletes and Cherry all "knew of and or participated in"
19 the events complained of by plaintiff.  (Id. at 6.)

20                          DEFENDANTS' MOTIONS
21 I.  Defendant Osterlie

22      Defendant Osterlie contends that plaintiff has failed to state a cognizable claim for
23 relief against him under the Due Process Clause of the Fourteenth Amendment or the Eighth
24 Amendment.  Defendant Osterlie also argues that plaintiff has failed to state a cognizable claim
25 for sexual harassment based on a hostile work environment.  Each argument is addressed in turn.
26 /////

1          Defendant Osterlie contends that plaintiff has failed to state a cognizable due
2  process claim against him because (1) plaintiff has failed to allege a deprivation of any interest
3  protected by the due process clause and privileges, including a prison job are not so protected;
4  and (2) to the extent that plaintiff's claim arises from the inmate appeal process he has no
5  protected  interest in a prison grievance procedure.  Defendant Osterlie also argues that plaintiff
6  has failed to allege acts or omissions by him that demonstrate violation of Eighth Amendment
7  standards.  Specifically, defendant Osterlie asserts that plaintiff has alleged neither a malicious
8  and sadistic use of force, nor deliberate indifference to plaintiff's health and safety.
9          Plaintiff opposes this part of the motion to dismiss on the ground that his claims
10 against defendant Osterlie are based on defendant Osterlie's alleged retaliatory acts against
11 plaintiff.
12         In relevant part, plaintiff alleges in his complaint the following.  When plaintiff
13 complained about the alleged sexual abuse and harassment by defendant Osterlie, he "was denied
14 due process and first amendment rights to speak-out about his situation." (Compl. (Doc. No. 1)
15 at 3.)  When defendant Osterlie was told by another individual that plaintiff was going to initiate
16 a complaint against him, Osterlie stated "if anyone writes a complaint, I'll take all of your
17 privileges away." (Id. at 4.)  Defendant Osterlie "eventually wrote . . . up a falsified CDC 115"
18 against plaintiff "to fire [him from his prison job] and get [him] into trouble. (Id. at 5.)  Plaintiff
19 also alleges that defendant Osterlie demonstrated a willingness to take plaintiff's privileges away,
20 and eventually denied him entrance into the work place, in violation of due process. (Id. at 6.)
21         In order to state a cognizable claim for violation of the procedural due process
22 guarantees of the Fourteenth Amendment, a plaintiff must allege deprivation, without process, of
23 an interest protected by the Fourteenth Amendment.  Because the denial of work privileges
24 resulting from a particular prisoner classification does not "present the type of atypical,
25 significant deprivation in which a state might conceivably create a liberty interest," plaintiff has
26 failed to state a cognizable Fourteenth Amendment claim against defendant Osterlie.  See Sandin

4

1  v. Conner, 515 U.S. 472, 486 (1995); see also Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976)
2  (due process clause does not itself create a liberty interest in a particular classification); Walker
3  v. Gomez, 370 F.3d 969, 973 (9th Cir. 2004) (citations omitted).  Likewise, the facts alleged by
4  plaintiff in his complaint do not state a cognizable violation of the Eighth Amendment.  Cf.
5  Whitley v. Albers, 475 U.S. 312 (1986) (standards with respect to an Eighth Amendment
6  excessive force claim); Farmer v. Brennan, 511 U.S. 825 (1994).  Thus, defendant Osterlie's
7  motion to dismiss should be granted as to any procedural due process or Eighth Amendment
8  claim alleged against him by plaintiff's complaint.

9        As noted above, in his opposition to the motion to dismiss, plaintiff contends that
10 the gravamen of this aspect of his claim against defendant Osterlie is in the allegations of
11 retaliatory acts.

> Within the prison context, a viable claim of First Amendment
> retaliation entails five basic elements: (1) An assertion that a state
> actor took some adverse action against an inmate (2) because of (3)
> that prisoner's protected conduct, and that such action (4) chilled
> the inmate's exercise of his First Amendment rights,FN11 and (5)
> the action did not reasonably advance a legitimate correctional
> goal. See, e.g., Resnick v. Hayes, 213 F.3d 443, 449 (9th
> Cir.2000); [additional citation omitted].

17 Rhodes v. Robinson, 408 F.3d 559, 567 (9th Cir. 2005).  The allegations of plaintiff's complaint
18 are sufficient to state a cognizable claim against defendant Osterlie for retaliation in violation of
19 plaintiff's First Amendment rights and defendant Osterlie should be required to answer that
20 claim.

21       Defendant Osterlie also contends that plaintiff has failed to allege a cognizable
22 claim against him for sexual harassment.  Specifically, defendant Osterlie contends that the
23 allegations of plaintiff's complaint demonstrate at most an isolated incident and not the type of
24 pervasive conduct required for a claim of sexual harassment that gives rise to a hostile work
25 environment.  In opposition to the motion to dismiss, plaintiff contends that defendant Osterlie
26 /////

engaged in this behavior toward plaintiff on more than one occasion and with enough frequency to make the prison workplace an abusive environment.

To state a claim of for violation of Title VII based on a hostile work environment created by sexual harassment, a plaintiff must allege facts which suggest a "'pattern of ongoing and persistent harassment severe enough to alter the conditions of employment.' Draper v. Coeur Rochester, Inc., 147 F.3d 1104, 1108 (9th Cir.1998)." Nichols v. Azteca Restaurant Enterprises, Inc., 256 F.3d 864, 871 (9th Cir. 2001) (internal citation omitted). The facts alleged must suggest that the workplace was "'both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.' Faragher v. City of Boca Raton, 524 U.S. 775, 787, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998)." Nichols, 256 F.3d at 871-2. In addition, plaintiff must allege that the "harassment took place 'because of sex.' Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 79, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998)." Nichols, 256 F.3d at 872 (additional citation omitted). As the Supreme Court has recognized,

> Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at "discriminat [ion] . . . because of . . . sex." We have never held that workplace harassment, even harassment between men and women, is automatically discrimination because of sex merely because the words used have sexual content or connotations. "The critical issue, Title VII's text indicates, is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed."

Oncale, 523 U.S. at 79-80 (internal citation omitted).

Even viewed in the light most favorable to plaintiff, the allegations of his complaint do not raise a cognizable claim for relief due to sexual harassment because there are no allegations that plaintiff was targeted for harassment by defendant Osterlie because of plaintiff's sex. To the contrary, the allegations of the complaint suggest that everyone in plaintiff's prison workplace was exposed to the same alleged lewd conduct. Plaintiff's sexual harassment claim must therefore also be dismissed. Nor does it appear that this defect in the

1  complaint could be cured by amendment.  For that reason, the dismissal should be without leave
2  to amend.  See Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir.
3  2005).

4  II.  Defendants Cherry, Fletes, Heise, Martel, Scott, Thompson, and Yarborough

5        Defendants Thompson, Cherry, Heise and Fletes seek dismissal of plaintiff's
6  complaint on the ground that its allegations against them are too vague and conclusory to state a
7  cognizable claim for relief.  Defendants contend that the documents appended by plaintiff to his
8  complaint show that, if anything, they acted to restore plaintiff's lost privileges and work group
9  classification.  Defendants Scott, Thomason and Martel move to dismiss the complaint as to
10 them on the ground that plaintiff has no constitutional right to an inmate grievance procedure.
11 Defendant Yarborough seeks dismissal on the ground that plaintiff has no constitutional right to a
12 particular prison job.  Finally, all defendants contend they are entitled to qualified immunity.

13       Plaintiff opposes the motion to dismiss on the ground that the gravamen of his
14 claim against each of these defendants is that none of them did anything to address defendant
15 Osterlie's sexual harassment of, and retaliation against, plaintiff or to stop defendant Osterlie's
16 misconduct in the workplace of which they all were aware.

17       The sole factual allegation set forth in plaintiff's complaint against defendant
18 Martel is that he signed off on an administrative review decision not to process plaintiff's
19 grievance as a staff complaint.  However, prison inmates do not have a constitutional right to a
20 specific prison grievance procedure.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003);
21 see also Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988).  Accordingly, plaintiff has failed to
22 state a cognizable claim in this regard and defendant Martel should be dismissed from this action
23 without leave to amend since plaintiff cannot correct this deficiency by amendment.  See Livid
24 Holdings Ltd., 416 F.3d at 946.

25       In addition, although plaintiff alleges generally in his complaint that defendants
26 Thompson, Heise, Fletes, and Cherry "had knowledge of, and or participated in" the

constitutional violations alleged, he has not alleged any specific act or omission by any of these four individuals that either caused or contributed to a violation of his constitutional rights. For that reason, the claims against these four defendants should be dismissed as well but with leave to amend.[2]

Finally, the allegations of plaintiff's complaint against defendants Yarborough and Scott are that they took no steps to stop the retaliatory actions of defendant Osterlie, which continued after they were specifically made aware of plaintiff's complaints regarding defendant Osterlie. Plaintiff's allegations with respect to defendants Yarborough and Scott are distinguishable from allegations against prison officials involved in an administrative appeal stemming from events that occurred in the past. As one judge of this court has observed:

> The distinction is important because an appeals coordinator does not cause or contribute to a completed constitutional violation that occurs in the past. See George v. Smith, 507 F.3d 605, 609-610 (7th Cir.2007) ("[a] guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not"). However, if there is an ongoing constitutional violation and the appeals coordinator had the authority and opportunity to prevent the ongoing violation, a plaintiff may be able to establish liability by alleging that the appeals coordinator knew about an impending violation and failed to prevent it. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (supervisory official liable under Section 1983 if he or she knew of a violation and failed to act to prevent it).

Herrera v. Hall, No. 1:08-cv-1882-LJO-SKO PC, 2010 WL 2791586, at *4 (E.D.Cal. July 14, 2010). Viewed in the light most favorable to plaintiff, the allegations of his complaint in this

---

[2] If plaintiff does choose to file an amended complaint, he should omit therefrom all claims dismissed with prejudice by the district court and include only those claims as to which defendants' motion to dismiss was denied or with respect to which he was granted leave to amend. Plaintiff is informed that the court cannot refer to a prior pleading in order to make any amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). If plaintiff elects to file an amended complaint, the original complaint will no longer serve any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

regard are sufficient to state a cognizable claim against defendants Yarborough and Scott for failing to take steps to prevent defendant Osterlie's alleged ongoing retaliation against plaintiff.[3]

Defendants also seek dismissal on the ground of qualified immunity.[4]  "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  Resolving the defense of qualified immunity involves a two-prong analysis:  courts look to whether the facts "show the officer's conduct violated a constitutional right," and "whether the right was clearly established" at the time of the alleged unlawful action. See Saucier v. Katz, 533 U.S. 194, 201 (2001), overruled in part by Pearson.[5]  As the Ninth Circuit has recognized:

> "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  Saucier, 533 U.S. at 202, 121 S.Ct. 2151.  The key inquiry is whether a reasonable person could have believed his actions lawful at the time they were undertaken. Anderson v. Creighton, 483 U.S. 635, 646, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987).

Bull v. City and County of San Francisco, 595 F.3d 964, 1002 (9th Cir. 2010).

---

[3] Exhibit A to plaintiff's complaint is a copy of the Director's Level Decision in response to his inmate grievance, which includes findings that affirmative steps were taken in the review process, overseen by defendants Scott and Yarborough at the institutional level, to reverse the rules violation, restore plaintiff's work/privilege classification, and to counsel defendant Osterlie. The focus of the allegations of plaintiff's complaint, however, is on the failure of these defendants to take timely steps to stop the alleged acts of retaliation before they occurred.

[4] All defendants except defendant Osterlie contend they are entitled to qualified immunity.  In view of the recommendation that plaintiff's claims against defendants Martel, Thompson, Cherry, Heise, Fletes be dismissed for failure to state a claim, the court will reach this argument only as to defendants Yarborough and Scott.

[5] The United States Supreme Court has held that courts may exercise "sound discretion sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  Pearson v. Callahan, 555 U.S. 223, 236 (2009).

Viewed the record before the court in the light most favorable to plaintiff, as it must on this motion to dismiss, this court cannot find at this time that defendants Yarborough and Scott entitled to qualified immunity.  As noted above, plaintiff alleges in his complaint that these defendants took no action to stop the ongoing retaliation against him or to address his retaliation claim in any way, and that defendant Yarborough affirmatively required him to continue working under defendant Osterlie's supervision.  While the administrative findings reflected in the Director's Level Decision in response to plaintiff's inmate grievance suggest that defendants Yarborough and Scott took steps to reverse the consequences of the rules violation against plaintiff and to counsel defendant Osterlie about his admitted misconduct, those administrative findings do not address plaintiff's contention that defendants Yarborough and Scott failed to intervene in a timely way to stop the alleged ongoing retaliation against plaintiff.  For that reason, defendants Yarborough and Scott are not entitled to dismissal on the grounds of qualified immunity at this time.[6]

## CONCLUSION

For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Defendant Osterlie's May 12, 2011 motion to dismiss (Doc. No. 18) be granted as to all claims except plaintiff's retaliation claims;

2. The May 18, 2011 motion to dismiss of defendants Cherry, Fletes, Heise, Martel, Scott, Thompson, and Yarborough (Doc. No. 20) be granted in part and denied in part as follows:

   a. Plaintiff's claim against defendant Martel be dismissed without leave to amend;

---

[6] Of course, defendants Yarborough and Scott may well be able to establish their entitlement to qualified immunity at the summary judgment stage of these proceedings.  See Tomada v. Spagnoli, No. 2:10-cv-0856 GEB-DAD, 2010 WL 2991726, at *4 (E.D. Cal. July 29, 2010) (denying motion to dismiss on the issue of qualified immunity) (and cases cited therein); Rios v. City of Fresno, No. CVF-05-644 REC/SMS, 2005 WL 1829614, at *8, n. 3 (E.D. Cal. July 25, 2005).

        b. Plaintiff's claims against defendants Cherry, Fletes, Heise, and Thompson be dismissed with leave to amend; and

        c. Defendants' motion be denied as to plaintiff's claim against defendants Yarborough and Scott arising only from the alleged acts of retaliation against plaintiff.

        3. Plaintiff be granted twenty days from the date of any order by the district court adopting these findings and recommendations to file an amended complaint in accordance with these findings and recommendations and any order of the district court adopting them.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 14, 2012.

                                          /s/ Dale A. Drozd
                                          DALE A. DROZD
                                          UNITED STATES MAGISTRATE JUDGE

dad:12
juar2993.mtd.wpd